UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                        Criminal No. 07-437  RHK/AJB

           Plaintiff,

v.                                       **REPORT AND RECOMMENDATION**

MICHAEL ISAAC KLINGER,

           Defendant.

Ann M. Anaya, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Caroline Durham, Esq., for the defendant, Michael Isaac Klinger.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on January 18, 2008, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The Court issued an Order on Motions dated January 22, 2008, reserving defendant Michael Isaac Klinger's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 16] for submission to the district court on report and recommendation.

Based upon the file and documents contained therein, along with testimony and exhibits received at hearing, the magistrate judge makes the following:

**FINDINGS**

      **Stop and Arrest.** On April 3, 2007, Carver County Deputy Sheriff Douglas Schmidtke, assigned to the Southwest Metro Drug Task Force as an detective, received a metro-wide teletype message alerting him that a person called "Detroit Mike" had been seen in the area and might

be located in Carver County. The teletype indicated that "Detroit Mike" was known to use meth, and to carry handguns and wear a Kevlar vest. The message further stated that the subject was known to associate with Brian Allen Langley, a suspect in a firearms burglary. Two days after receiving the teletype Deputy Schmidtke obtained information from a confidential reliable informant[1] (CRI) who advised the officer that "Detroit Mike" was a person by the name of Mike Klinger; that this individual carries guns and a bullet proof vest; and that he drives a red 1998 Ford Mustang and sometimes stays at the Homestead Suites, a hotel in Eagan, MN. The informant further stated that Klinger was the subject of an active warrant for leaving a work release program.

Police officers commenced surveillance at the Homestead Suites hotel on April 6, 2007. A vehicle that matched the description of the red Mustang that had been associated with Mr. Klinger was observed in the adjacent parking lot. Officers determined that the Mustang was registered to a Russell Asleson[2] and had not been reported stolen. The CRI was brought to the scene and the vehicle was identified as the one being used by "Detroit Mike." Officers continued the surveillance and observed two white males leaving the hotel and walking towards the red Mustang. Officer Todd Nelson was at the scene and in possession of a photograph of Michael Klinger, the defendant in this matter. On the basis of the photograph Officer Nelson identified one of the individuals leaving the hotel as Mr. Klinger. Officers immediately approached the two individuals with firearms drawn and both were stopped before entering the vehicle, defendant on the driver's side. Weapons were drawn based

---

[1] Approximately two years previously the informant had participated in a controlled drug buy for Deputy Schmidtke, and the drug buy had led to issuance of a search warrant and a conviction.

[2] Subsequently determined to be the estate of Mr. Asleson.

upon reports of Klinger's inclination to carry loaded firearms, and he was arrested pursuant to the active Department of Corrections warrant. Due to the Mustang's close proximity to another vehicle on the driver side, Klinger was made to crawl to the front of the car to be pat searched while he lay on the pavement. Officers recovered a loaded 9 millimeter pistol, along with methamphetamine, a meth pipe, two cell phones, and a drivers license for Michael Schultz, on defendant's person. The second individual was also arrested and pat searched, and was subsequently identified as Robert Anderson. A room key card for Homestead Suites room #238 was recovered from Anderson's person.

The red Mustang was impounded and prior to towing the car was searched pursuant to Carver County Sheriff's Department policy. In the front area of the car officers found ammunition for a 7.62 rifle, a handgun holster, and other items. A sawed-off 20 gauge shotgun and a Kevlar vest were recovered from the trunk. Meanwhile, surveillance was commenced on Room #238 at the Homestead Suites hotel pending receipt of a warrant to search the room.

**Search Warrants**

**Hotel Room.** On April 6, 2007, Hennepin County District Court Judge Tony Leung issued a warrant to search a particularly identified room in a motel located in Eden Prairie, Minnesota. (Hearing Exh. No. 1). The warrant application requested unannounced entry based upon the belief that the room was occupied by someone who was possibly armed and ignoring police requests to come out. The search warrant identified the objects of the warrant as controlled substances, including crystal meth; specified packaging equipment and supplies; documents, cell phones and communications devices, videos, and computers showing drug distribution activities and information relating to drug sources and customers; money; and identification documents. The warrant was issued on the basis of

probable cause contained in the Affidavit of Eden Prairie Police Detective Brent DuPont, including reliable confidential informant reports, surveillance observations, and warrantless search and seizure evidence obtained from two individuals and a vehicle.

**Cell Phones.** On April 12, 2007, Carver County District Court Judge Kevin Eide issued a warrant to search the electronically stored contents of two particularly identified cell phones recovered from defendant Michael Klinger's person (Hearing Exh. No. 2). The cell phones were in police custody in evidence storage pursuant to warrantless search of defendant's person in the course of his arrest. The search warrant identified the objects of the warrant as cellular voice mail messages, text messages, calls received, calls sent, calls missed and photographs. The warrant was issued on the basis of probable cause contained in the Affidavit of Southwest Metro Drug Task Force Agent Doug Schmidtke, including reliable confidential informant reports, surveillance observations, photo lineup identification, warrantless search and seizure evidence obtained from two individuals and a vehicle; and evidence seized pursuant to search warrant.

Based upon the foregoing Findings, the magistrate judge makes the following:

## CONCLUSIONS

**Stop and Arrest.** Defendant Michael Klinger was lawfully arrested pursuant to active Minnesota Department of Corrections warrant, and evidence obtained from defendant's person was not unlawfully seized in violation of defendant's Fourth Amendment rights. Therefore, suppression of the arrest and seized evidence is not required. The search of defendant's person was lawful as an incident to his valid arrest, and the seizure of evidence, including a firearm, drugs, cell phones and a drivers license, was lawful for that reason. United States v. Cabrera-Reynoso, 195 F.3d. 1029, 1032

(8th Cir. 1999).

Also, evidence seized from the red Mustang was obtained by way of lawful inventory search pursuant to policy.  See generally  United States v. Rowland, 341 F.3d 774 (8th Cir. 2003).  An inventory search is a search of lawfully seized and detained property, conducted to ensure that the property is harmless, valuable items are not lost or stolen, and to protect against false claims of loss or damage.  United States v. Mayfield, 161 F.3d 1143, 1145 (8th Cir. 1998) (citing South Dakota v. Opperman, 428 U.S. 364, 376, 96 S.Ct. 3092 (1976)).  This issue does not involve a motor vehicle stop.  Indeed, the car was parked and defendant was not removed from the vehicle or observed getting out of it.  However, on the basis of CRI information, surveillance observations, and a vehicle registration check, officers had probable cause to believe that defendant Klinger was using the vehicle and that he was not the owner.  In any event, defendant has not expressly challenged the inventory search on any particular grounds, i.e. failure to follow impoundment policy, or that the assertion of inventory search is pretext for investigative search.  Though defendant Klinger has made the bare assertion that the impoundment was merely a guise under which the inventory search could be conducted, there is no direct evidence to establish that either Mr. Klinger or Mr. Anderson had any rightful claim to possession of the vehicle and evidence in the record supports a reasonable inference that the Mustang was stolen, or at least not in defendant's possession by permission of a rightful owner. Considering the totality of circumstances the court finds no grounds on which to invalidate the impoundment itself.  To the extent that defendant alleges that evidence was obtained pursuant to an unlawful vehicle inventory search he offers no cogent argument and the contention therefore fails.

**Search Warrants**

**Hotel Room.**  Evidence seized pursuant to a warrant to search a particular room at the Homestead Estates hotel in Eden Prairie, Minnesota  (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of defendant Michael Isaac Klinger.  The hotel room search warrant was issued on April 6, 2007, and was based upon sufficient probable cause as stated in the Affidavit of Eden Prairie Police Detective Brent DuPont and as determined by  Hennepin County District Court Judge Tony Leung.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Cell Phones.**  Evidence seized pursuant to a warrant to search the electronically stored contents of two particularly identified cell phones recovered from defendant Michael Klinger's person (Hearing Exh. No. 2) was not unlawfully obtained in violation of the constitutional rights of defendant Michael Isaac Klinger.  The cell phone search warrant was issued on April 12, 2007, and was based upon sufficient probable cause as stated in the Affidavit of Southwest Metro Drug Task Force Agent Doug Schmidtke and as determined by Carver County District Court Judge Kevin Eide.  The warrant properly and sufficiently identified the cell phones to be searched and the information to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that defendant Michael Isaac Klinger's Motion to

Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 16].


Dated:    January 24, 2008


      s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge



      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before February 7, 2008.

      Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.